IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-50829
Summary Calendar

JUDY BRYANT

Plaintiff - Appellant

V.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CV-15

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Judy Bryant seeks review of the Commissioner of Social Security's final decision to deny her application for disability benefits. Because the Commissioner's decision is supported by substantial evidence and is consistent with applicable law, we AFFIRM.

I.

In November 2002 Bryant filed an application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the Social Security Act. Bryant alleged that she was unable to work due to deterioration of bones, scoliosis, spina bifida, nerve damage, and pain. Her claims were denied initially and upon reconsideration. On July 9, 2004, Bryant received a hearing before the Administrative Law Judge. The ALJ denied benefits upon determining that Bryant is not disabled under the Social Security Act. The ALJ found that Bryant has a disorder of the spine and that the disorder is a severe impairment that does not meet or equal requirements of any of the impairments listed in the Listing of Impairments. The ALJ further found that Bryant had the residual functional capacity

> to lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, to stand and/or walk for about 6 hours in an 8-hour workday, to sit for about 8 hours in an 8 hour workday with a need to alter sitting and standing periodically, never to kneel or crawl, occasionally to climb, balance, crouch or stoop, and never to work in vibrations, around moving machinery, or at unprotected heights.

Therefore, the ALJ found that Bryant has the residual functional capacity to perform less than the full range of sedentary work. He found that there are a significant number of jobs in the national economy that she can perform. The Appeals Council denied Bryant's request for review, making the ALJ's decision the final decision of the Commissioner.

Bryant appealed to the district court. The parties consented to proceed before a magistrate judge, who affirmed the decision of the ALJ.

II.

Bryant contends on appeal, as she did in the district court, that the ALJ's decision that she has the residual functional capacity to perform a significant number of jobs is not supported by substantial evidence. She also contends that the ALJ did not give proper weight to the records and opinion of her treating and

examining doctors. Finally, Bryant contends that the ALJ did not use the appropriate legal standard to determine that her testimony was not credible.

III.

We review the Commissioner's decision to deny social security benefits only to determine whether the decision is supported by substantial evidence and based on proper legal standards. Waters v. Barnhart, 276 F.3d 716, 718 (5th Cir. 2002). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). We may not reweigh the evidence or substitute our own judgment for that of the Commissioner. Hollis v. Bowen, 837 F.2d 1378, 1383 (5th Cir. 1988).

The magistrate judge's order carefully addresses Bryant's claims. We agree with the reasoning and decision of the magistrate judge that the ALJ's decision was supported by substantial evidence and based on proper legal standards. In the light of the magistrate judge's thorough and well-reasoned order, only a few of Bryant's arguments need be addressed here.

A.

Bryant contends that the ALJ did not give proper weight to the opinion of one of her treating doctors, Patrick Cindrich, and did not sufficiently resolve conflicts in the evidence.

Dr. Cindrich performed back surgery on Bryant in August 2003.[1] Bryant was examined by Dr. Brett Bolte in November 2003. The ALJ noted Dr. Bolte's findings that Bryant's cervical range of motion is normal without significant complaints of pain and his diagnosis of spondylolistheses and low back pain status post laminectomy. Dr. Bolte reported that Bryant was not stable and that no long-term evaluation of her residual functional capacity was possible. Dr.

---

[1] Dr. Cindrich performed an L5-S1 decompression, instrumentation and iliac crest fusion for arthrodesis.

Bolte evaluated her short term function, finding that Byrant can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, that she can stand and/or walk for about 6 hours in an 8-hour workday, that she can sit for about 6 hours in an 8-hour workday, that she must alternate sitting and standing periodically to relieve pain or discomfort, that she never can kneel or crawl, that she occasionally can climb ramps or stairs, balance, crouch or stoop, and that she has a limited ability to work in vibrations, around moving machinery or at unprotected heights.

In May 2004, Dr. Cindrich found that Bryant continued with back pain and that her persistent spondylolisthesis required additional surgery. On July 7, Dr. Cindrich scheduled an anterior lateral interbody fusion of the lumbar spine on July 14, with a post operative recovery period of six to eight weeks.

Bryant contends that evidence from Dr. Cindrich, provided after Dr. Bolte's examination and report, indicates that the ALJ's finding was not supported by substantial evidence and that the ALJ did not use the correct legal standard to evaluate her treating doctor's evidence. Bryant contends that the ALJ could not reject the opinion of her treating physician without performing a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d).[2] Section 404.1527(d) provides that, "[u]nless we give a treating source's opinion controlling weight . . . we consider all the following factors in deciding the weight we give to any medical opinion." The section then lists six factors: examining relationship, treatment relationship, supportability, consistency with the record, and specialization.

Contrary to Bryant's assertion, the ALJ did not reject Dr. Cindrich's opinion. The ALJ noted Dr. Cindrich's May and July 2004 findings and

---

[2] Section 404.1527 relates to the evaluation of opinion evidence to determine disability for Federal Old-Age, Survivors and Disability Insurance. 20 C.F.R. § 416.927 contains identical provisions concerning the evaluation of opinion evidence to determine disability for SSI.

considered the impact of the additional surgery in determining whether Bryant was disabled. Bryant argues that "[s]urgery is not performed on perfectly healthy backs which create no limitation on the individual." The fact that Dr. Cindrich ordered additional back surgery does not refute the other evidence in the record supporting the ALJ's determination of Bryant's residual functional capacity. Dr. Cindrich made no statements regarding Bryant's limitations after the expected recovery period of six to eight weeks. Dr. Cindrich's opinion was not inconsistent with the other evidence and was taken into account by the ALJ.

The ALJ found that Bryant has a disorder of the spine. Dr. Cindrich's 2004 opinions indicated that Bryant had spondylolisthesis that would require an additional surgery. The ALJ's finding did not conflict with Dr. Cindrich's opinion. Dr. Cindrich did not provide an opinion relating to whether Bryant was disabled or what her residual functional capacity would be, other than to state that the surgery required a six to eight week recovery. In addition, although the ALJ did not list the factors stated in § 404.1527(d), the decision indicates that he considered those factors in evaluating Dr. Cindrich's medical opinion. The ALJ cited sections 404.1527 and 414.927 and supplemental Social Security Rulings 96-2p and 96-6p in the decision. The decision also details Dr. Cindrich's examining and treatment relationship with Bryant, as reflected by the evidence submitted. The ALJ noted Dr. Cindrich's specialization as a neurosurgeon. The ALJ also noted that Dr. Cindrich did not state that Bryant would be disabled and did not note any restrictions, indicating that Dr. Cindrich's opinion was consistent with the other medical evidence. In sum, the ALJ's decision reflects that he considered the relevant factors in weighing Dr. Cindrich's opinion and did not use an inappropriate legal standard.

B.

Bryant also contends that the ALJ failed to include an adequate narrative discussion addressing her residual functional capacity, as required by Social Security Ruling 96-8p.[3]  Although the Social Security Administration's rulings are not binding on this court, we have consulted them "when the statute at issue provides little guidance."  Meyers v. Apfel, 238 F.3d 617, 620 (5th Cir. 2001).  In Meyers, we found that the ALJ erred by not fully addressing the plaintiff's residual functional capacity, failing to fully address standing, walking, and pushing/pulling or whether the plaintiff could perform functions on a regular and continuing basis.  Id. at 621.  Moreover, the court found that the medical evidence as a whole conflicted with the ALJ's findings.  Id.

The ALJ here specifically addressed Bryant's ability to lift, carry, stand, walk, sit, kneel, crawl, climb, balance, crouch and stoop.[4]  He addressed the frequency with which Bryant could perform the activities described during an eight hour workday.  The discussion of Bryant's residual functional capcity also

---

[3] SSR 96-8p provides that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record."

[4] Although the ALJ did not make a finding regarding Bryant's ability to push or pull, Bryant does not assert the lack of such a finding as error.  Moreover, on the face of the applicable regulation, sedentary work does not involve pushing or pulling.  20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."). Cf. 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.").

addressed the primary evidence upon which the findings were based: Bryant's testimony; the opinion of her treating physician, Dr. Cindrich; and the opinion of the examining physician, Dr. Bolte. The ALJ stated that he gave less weight to the opinions of physicians who only examined Bryant's medical records. Bryant does not identify any evidence of particular limitations that were not found by the ALJ.

Bryant also asserts that some of the jobs the vocational expert referenced at her hearing are not sedentary, but instead are described in the Dictionary of Occupational Titles ("DOT") as "light" in terms of exertional requirements. The vocational expert testified, however, that all of the jobs she cited were at the "sedentary, unskilled level." Bryant's counsel had an opportunity at the hearing to cross-examine the expert regarding her classification of the jobs she cited, but did not do so. See Carey v. Apfel, 230 F.3d 131, 146-47 (5th Cir. 2000) ("[C]laimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing."). Accordingly, the ALJ's determination of Bryant's residual functional capacity was not inconsistent with SSR 96-8p and was supported by substantial evidence.

IV.

For the foregoing reasons, and for the reasons given by the magistrate judge in his thorough opinion, we hold that the ALJ's decision was supported by substantial evidence and based upon the proper legal standards. The decision of the district court is therefore

AFFIRMED.